**Joseph DE LELLO, et al.,**

v.

**Julius SACKS, Joseph Sacks, et al.**

**Civ. A. No. 14560.**

United States District Court
E. D. New York.

Sept. 22, 1954.

Gordon M. Lipetz, Riverhead, N. Y., for appellees, for the motion.

Garfinkel & Adler, by Frederick Adler, Yonkers, N. Y., for appellants, in opposition.

RAYFIEL, District Judge.

The appellants herein, pursuant to the provisions of the Perishable Agricultural Commodities Act of 1930, as amended, Title 7 U.S.C.A. § 499a et seq., instituted a reparation proceeding to recover damages sustained by them because of the failure of the appellees to deliver to them six carloads of potatoes, in compliance with the terms of two certain agreements between them. The oral hearing provided for in controversies involving more than $500 by section 499f (d) of Title 7 U.S.C.A. was waived by both parties, and written proof was presented.

The Secretary of Agriculture by order dated June 14, 1954, denied reparations and, dismissed the appellants' complaint.

The appellants, aggrieved by the aforementioned decision and order of the Secretary of Agriculture, appealed to this Court therefrom, pursuant to the provisions of subd. (c) of section 499g of Title 7 U.S.C.A.

The appellees have moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the appeal on the ground that the court lacks jurisdiction of the subject matter, contending that the controversy referred to in the notice of appeal is within the exclusive jurisdiction of the United States Court of Appeals under the provisions of section 1032 of Title 5 U.S.C.A.

It is the appellants' contention that this is an appeal from an order made under section 499g (a) of Title 7, and was properly brought in this court, being one of the specific exemptions provided for in section 1032 of Title 5 U.S.C.A. upon which the appellees rely. The latter, on the other hand, argue that the order of June 14, 1954, hereinabove referred to, was not a reparation order made pursuant to section 499g (a), supra, and claim that that section provides *only* for an order of reparation made in *favor of* a *plaintiff or complainant* and not for one dismissing a complaint, in other words, that the term "reparation order" was intended to be limited to orders *granting* reparation and was not intended to include orders *denying* the same. To sustain a contention that one court of review is provided for successful litigants and another for those who fail would require an unduly strained construction of the law.

The language of section 499g (c), supra, appears to be quite clear. It reads: *"Either party adversely affected by the entry of a reparation order of the Secretary* may, within thirty days from and after the date of such order, appeal therefrom to the *district court of the United States* for the district in which said hearing was held \* \* \*."* (Emphasis added.)

The appellants unquestionably constitute a party adversely affected by the entry of the reparation order of the Secretary of Agriculture dismissing their complaint.

Accordingly, the motion is denied. Settle order on notice.